UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROSS "WORD" PHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:17-cv-165-JMH |
| | ) | |
| 14TH CIRCUIT COURT OF KENTUCKY and THE HONORABLE JUDGE PAUL ISAACS, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

## I. INTRODUCTION

Petitioner Ross "Word" Phar, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] against the 14th Circuit Court of Kentucky and The Honorable Judge Paul Isaacs.[1] Phar, a defendant in one of Judge Isaacs's criminal cases, seeks relief from his five-year term of pretrial diversion, which requires him to comply with a host of conditions imposed by the Court and enforced by the Office of Probation and Parole.[2] *See Commonwealth v. Phar*, 12-CR-134. Specifically, Phar

---

[1] Although Phar named the 14th Circuit Court of Kentucky as Defendant, such an entity does not actually exist. Thus, the Court presumes that Phar intended to sue the 14th Judicial Circuit of Kentucky, which includes the Woodford Circuit Court. Judge Isaacs presides over a criminal docket in the Woodford Circuit Court.

[2] Under Kentucky law, the parties TO a criminal case "may agree, subject to the approval of the trial court, that the prosecution will be suspended for a specified period after which it will be dismissed on the condition that the defendant not commit a crime during that period, or other conditions agreed upon by the parties." RCr 8.04; *see also* Ky. Rev. Stat. Ann. § 533.250. Phar

1

argues that the length of his term is "grossly excessive and without purpose."[3] [*Id.* at 1]. For the reasons stated herein, Phar's Petition [DE 1] must be **DISMISSED WITHOUT PREJUDICE**.

## II. ANALYSIS

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Phar's Petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts Phar's factual allegations as true and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge

---

and his attorney reached such an agreement with the Commonwealth's Attorney, and Judge Isaacs approved it.

[3] Phar does not explicitly state that the length of his term is unconstitutional. For purposes of screening, the Court will presume, without deciding, that Phar's argument is predicated on a violation of his federal constitutional rights, thereby allowing him to use § 2241. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

within their respective jurisdictions."[4] 28 U.S.C. § 2241(a). However, before seeking relief under § 2241, the petitioner must exhaust his state court remedies. *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In his Petition, Phar seems to admit that he has not previously sought relief in the Woodford Circuit Court. He states:

> I will be presenting these grounds in court today (4/5/2017). In the instance that I am not granted relief, however I would like for this appeal to be heard by the higher court. This writ is my backup plan.

---

[4] "Although § 2241(c)(3) indicates that a writ will only issue to prisoners who are in custody, "the 'in custody' language [does] not require[]that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). For instance, the Supreme Court of the United States has held that a prisoner who was placed on parole was still "in custody," for purposes of § 2241, because his "release from physical confinement … was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). Because Phar's pretrial diversion subjects him to similar restrictions, the Court concludes that he is "in custody," for purposes of this Petition.

[*Id.* at 7]. The Court has reviewed the Woodford Circuit Court docket from April 5, 2017, but sees no indication that Phar orally requested relief from his term of pretrial diversion during the hearing. There is also nothing in the court record or in Phar's filings to suggest that he is pursuing other available state remedies, such as filing a petition for writ of habeas corpus in the Woodford Circuit Court. *See* Ky. Const. § 16; Ky. Rev. Stat. Ann. § 419.020. Because Phar has failed to demonstrate that he exhausted his state court remedies, his Petition must be dismissed.[5]

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Petitioner Ross Phar's Petition [DE 1] be, and is, hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Phar at his listed address.

This the 26th day of April, 2017.

---

[5] In addition to his concerns about pretrial diversion, Phar briefly notes that his "rights were violated while awaiting trial." [*Id.* at 2]. These allegations have already been dealt with in a separate civil case, *Phar v. Commonwealth of Kentucky, 14th Judicial Circuit Court*, 5:17-cv-159, and thus, merit no further discussion.

4



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge